```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

BORIS AMINOV, CHRISTY CORVALAN, IRINA POLVANOVA, ROMAN SHAMALOV, ANTONIO PAYANO, DAVID FERNANDEZ, CRYSTAL MEDINA, JUAN HERNANDEZ, a/k/a "Pop," and ALBERT YAGUDAYEV, a/k/a "Jeff,"

Defendants.

---

1:23-cr-110-MKV

ORDER DENYING DEFENDANT HERNANDEZ'S MOTION TO RETURN PROPERTY PURSUANT TO RULE 41(g)

---

MARY KAY VYSKOCIL, United States District Judge:

Defendant Juan Hernandez filed a letter motion pursuant to Rule 41(g) seeking the return of his cell phone, which was seized by arresting agents at the time of his self-surrender on the underlying charges in this action. [ECF No. 131.] Defendant argues that the phone was seized in violation of his Fifth Amendment right against self-incrimination. The Government opposes Defendant's motion. [ECF No. 136.] For the reasons discussed below, the motion is DENIED.

## BACKGROUND

On October 17, 2023, a Grand Jury sitting in this District returned a sealed superseding indictment (the "Superseding Indictment," [ECF No. 88]) charging Defendant Hernandez and other co-defendants with conspiracy to violate the Anti-Kickback Statute and charging other co-defendants with wire and healthcare fraud, mail fraud, conspiracy to defraud the United States, and money laundering. On the same day that the Grand Jury returned the Superseding Indictment, the Clerk of Court for the Southern District of New York issued a warrant for Defendant's arrest. [ECF No. 90.]

On October 20, agents appeared at Defendant's house to execute the arrest warrant, but Defendant was not home. [ECF No. 131.] Defendant previously had retained defense counsel and

thereafter self-surrendered into the custody of agents from the United States Department of Health and Human Services Office of Inspector General ("HHS-OIG") on October 24, 2023. [ECF No. 131.] The parties do not appear to dispute that at the time of Defendant's arrest, his right to counsel and his right to remain silent were both invoked. [ECF No. 131.]

At the time of his self-surrender, HHS-OIG agents took custody of the Defendant's cell phone. [ECF No. 131; ECF No. 136]. Defendant alleges that the agents advised him that they would not return his cell phone until after it was forensically searched. [ECF No. 131.] Defendant alleges that the agents then "sought from [Defendant] the passcode to obtain access to his phone" and "informed him that the process would be simpler for him if he provided the passcode." [ECF No. 131.] The Government disputes these allegations and asserts that the agents inquired about Defendant's PIN number "only after his phone was lawfully seized, and only after the defendant requested access to the phone in order to extract contact numbers he claimed to have needed." [ECF No. 136.] Both parties agree that Defendant never ultimately provided the passcode for his phone. [ECF No. 131; ECF No. 136.]

On the day of his arrest, Defendant was presented in front of Magistrate Judge Parker and was released on personal recognizance bond. [ECF Nos. 121, 122.] The next day, Defendant filed a letter motion pursuant to Rule 41(g) for the return of his cell phone, arguing that the cell phone had been seized in violation of his Fifth Amendment right against self-incrimination. [ECF No. 131.]

Defendant, along with his co-defendants, was arraigned on the Superseding Indictment on October 26 in front of this Court. [ECF No. 134.] At the arraignment, the Court discussed the Rule 41(g) motion with Defendant's counsel. The Court set a briefing schedule on the motion, later memorialized in a written order [ECF No. 134], directing the Government to file a written

response to Defendant's motion by November 1, 2023. The Court further directed that Defendant should file any reply to the Government's response by November 3, 2023. [ECF No. 134.]

On October 27, the day after the arraignment—and three days after it took possession of the phone—the Government received a warrant to search the cell phone. [ECF No. 136.] Thereafter, the Government filed its letter response to Defendant's motion for return of the phone. [ECF No. 136.] Defendant did not submit a reply in connection with his motion.

## LEGAL STANDARD

Defendant Hernandez requests the return of his phone under Federal Rule of Criminal Procedure 41(g). There is no Second Circuit authority addressing the specific standard to be applied or the assignment of the burden where a motion for return of property is made while a criminal trial is pending. Nevertheless, courts in this District have consistently held that "[i]n order to prevail on a Rule 41(g) motion, the moving party must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311 (S.D.N.Y. 2018) (internal quotation marks omitted); *see also United States v. Dennis*, 622 F. Supp. 3d 1, 3 (S.D.N.Y. 2022); *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005).[1]

## ANALYSIS

The parties dispute only whether Defendant has satisfied the third prong of the test—whether the seizure was illegal or the Government's need for the cell phone as evidence has ended. Defendant contends that the Government illegally seized his cell phone upon his arrest because

---

[1] Several Circuits have applied virtually the same standard to Rule 41(g) motions. *See e.g.*, *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991); *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007).

"[t]here can be no articulable basis to presume that the agent's had a reasonable belief that at the time of seizure they had probable cause to believe that [Defendant's] phone contained evidence of criminality" and, therefore, the agents needed a warrant to seize it. [ECF No. 131.] The Government argues that Defendant's phone was lawfully seized incident to his arrest because there was "ample probable cause" to believe that the phone contained evidence of several crimes and the Government's need to examine the cell phone for evidence has not concluded. [ECF No. 136.]

### I.  Defendant Has Failed to Demonstrate That His Cell Phone was Illegally Seized or That the Government's Need for the Cell Phone Has Ended.

"Seizure of everyday objects in plain view is justified where the officers have probable cause to believe that the objects contain or constitute evidence." *United States v. Babilonia*, 854 F.3d 163, 180 (2d Cir. 2017); *see also United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 89 (2d Cir. 2002); *United States v. Cushnie*, No. 14-cr-119, 2014 WL 7447149, at *12 (S.D.N.Y. 2014) (upholding warrantless seizure of defendant's cell phone, keys, and wallet where marshals had reason to believe they would provide evidence of defendant's interstate travel and failure to register as a sex offender).

"[P]robable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant *a [person] of reasonable caution in the belief that evidence of a crime will be found in the place to be searched*." *Babilonia*, 854 F.3d at 178 (quoting *United States v. Gaskin*, 364 F.3d 438, 456–57 (2d Cir. 2004)) (additional citations omitted). Furthermore, "under the collective knowledge doctrine, even if the law enforcement officer actually conducting the search [*i.e.,* here the HHS-OIG agents] lack[] the relevant facts to support probable cause, the search may nonetheless be permissible if the officer acted on the assessment or instructions of other officers

4

who did have such facts." *Babilonia*, 854 F.3d at 178; *see also Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989) (police lawfully stopped and arrested suspect based on instructions from prosecutor).

Here, the Government alleges that *at the time the cell phone was seized*, it had probable cause to believe that the cellphone contained evidence related to Anti-Kickback violations for which Defendant had already been charged. [ECF No. 136.] For example, the Government alleges that on at least four occasions, Defendant paid a cash kickback to a confidential source, who had a prescription called into a pharmacy under investigation, and on each of those occasions, Defendant organized the payment of that kickback *using his cellphone*, including by calling and texting with the confidential source. [ECF No. 136.] Additionally, the Government alleges that on numerous occasions, Defendant called or texted with a confidential source, *using his cellphone* to facilitate the payment of these illegal kickbacks, and each of these calls, texts, and kickback were either audio, video, or otherwise recorded by the confidential source. [ECF No. 136.]

The Government also argues that *at the time the cell phone was seized*, the Government had probable cause to believe that Defendant's cellphone contained evidence of his knowing participation in the alleged broader healthcare fraud and prescription drug diversion scheme for which other co-defendants had already been charged. [ECF No. 136.] For example, the Government alleges that on at least one occasion, Defendant *used his cellphone* to request a confidential source's insurance information so that the pharmacies could then fraudulently bill Medicaid for his illegally obtained HIV medication. [ECF No. 136.] Finally, the Government alleges that from its review of call detail records, Defendant regularly used his cellphone to communicate not only with patients of these pharmacies, but with other members of the conspiracy. [ECF No. 136.]

The Government's allegations clearly demonstrate that there was "probable cause to believe that [Defendant's cell phone] contain[ed] or constitute[d] evidence" at the time the agents seized the cell phone at the time of Defendant's self-surrender. *Babilonia*, 854 F.3d at 180. As such, Defendant fails to demonstrate that the seizure of his cell phone was illegal.

Defendant does not even attempt to argue in his motion that "the government's need for the [cell phone] as evidence has ended." *Pinto-Thomaz*, 352 F. Supp. at 311. Nor can he. It is not disputed that the Government has obtained a warrant to search the cellphone. As the Government states, "[w]hile it intends to conduct that search promptly, it has not yet concluded that search." [ECF No. 136.] Because Defendant has failed to demonstrate that either the seizure of the cell phone was illegal or that the Government's need for the cell phone has ended, Defendant has failed to meet his burden under Rule 41(g).

## II. Defendant's Fifth Amendment Argument is Irrelevant for Purposes of This Motion

The Court briefly notes that Defendant's Fifth Amendment argument raised in his letter is irrelevant for purposes of a Rule 41(g) motion. Defendant argues that the agents violated his Fifth Amendment rights when the agents requested that he provide the PIN number for his cell phone. [ECF No. 131.] Specifically, Defendant contends that the agents "sought to elicit testimonial information from [Defendant] without providing to him a Miranda warning and after counsel had invoked his right to remain silent." [ECF No. 131.]

Whether Defendant's Fifth Amendment rights were violated for purposes of this motion because that issue is immaterial to and separate from the proper framework under which the Court considers a Rule 41(g) motion to return property. As previously discussed, the proper analysis focuses on whether the *seizure* of the property in question was illegal. *See Pinto-Thomaz*, 352 F.

6

Supp. at 311. The agents allegedly requested that Defendant provide the PIN number for his cell phone, *after* the legal seizure of the phone had already occurred.

Notwithstanding, the Court notes that Defendant *never ultimately provided the PIN number to law enforcement*. The only remedy available to a defendant in the event of a *Miranda* violation is the exclusion at trial of any statements made without the benefit of the warnings. *See Chavez v. Martinez*, 538 U.S. 760, 762 (2003) (explaining how the *Miranda* exclusionary rule is "a prophylactic measure [designed] to prevent . . . the admission into evidence in criminal case[s] of confessions obtained through coercive custodial questioning . . . Rules designed to safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person."); *see also Vega v. Tekoh*, 597 U.S. 134, 152 (2022) ("[E]xcept in unusual circumstances, the "exclusion of unwarned statements" should be "a complete and sufficient remedy."). And here, there simply is no statement to suppress.

## CONCLUSION

For the foregoing reasons, Defendant's motion pursuant to Rule 41(g) for the return of his cell phone is DENIED. The Clerk of Court is respectfully requested to terminate docket entry numbers 131 and 139.

**SO ORDERED.**

**Date:  January 5, 2024**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

7