USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

BORIS AMINOV, CHRISTY CORVALAN, IRINA
POLVANOVA, ROMAN SHAMALOV, ANTONIO
PAYANO, JUAN HERNANDEZ, a/k/a "Pop,"
JONATHAN GAVRIELOF, and ALBERT
YAGUDAYEV, a/k/a "Jeff,"

                                    Defendants.

1:23-cr-110-MKV

**ORDER WITH RESPECT TO
UPDATED JUDICIAL
DISCLOSURE**

MARY KAY VYSKOCIL, United States District Judge:

This Court has been impartially and fairly presiding over this matter since its filing in March 2023.  On July 22, 2025, in the interests of full transparency, the Court made a judicial disclosure with respect to three trades made by my financial advisor in a managed brokerage account, without my advanced knowledge or personal control, to purchase shares of Gilead Science [CUSIP: GILD].  [ECF No. 517].  The Court directed any party who had questions or wanted to file a motion with respect to this disclosure to do so on or before July 28, 2025.[1]  In response, Defendant Juan Hernandez filed a motion for recusal that stated I owned 8,729.507 shares of GILD which were worth between $940,000 and $960,000.  [ECF No. 522].  No other defendant filed a letter or motion with respect to the judicial disclosure.

Based upon the Hernandez motion, it became apparent that there were certain material typographical errors in the Court's July 22 disclosure [ECF No. 517] and by this Order, the Court corrects those inaccuracies in the record.

---

[1] Defendant Polvanova was granted until August 4, 2025, to file any letter or motion with respect to the judicial disclosure due to her counsel being out of the country.  [ECF No. 521].

Specifically, the Court's judicial disclosure on July 22, 2025 inadvertently left out the decimal points when disclosing the quantity of shares purchased. The correct information is as follows:

- On June 4, 2025, a trade was made to purchase **3.442 shares** of GILD at $109.30 for a total settlement amount of $376.21.

- On June 11, 2025, a trade was made to purchase **0.507 shares** of GILD at $110.8116 for a total settlement amount of $56.18.

- On June 12, 2025, a trade was made to purchase **5.287 shares** of GILD at $109.9816 for a total settlement amount of $581.47.

As previously disclosed, these trades were made by my financial advisor in a managed brokerage account over which I have no advance knowledge or oversight. I only learned of the June 4, 2025, trade for 3.442 shares on June 12, 2025 when I received the trade confirmation in the mail. I immediately contacted my financial advisor and instructed him to void the trade. On that same day, June 12, 2025, I received verbal confirmation from my financial advisor that the trade would be voided. Thereafter, in a confirmation dated June 13, 2025, I received written confirmation that the June 4, 2025 trade, and two additional trades purchasing GILD shares on June 11th and June 12th of which I had been unaware, were all canceled on June 13, 2025.

The Court made no substantive decisions in this case during the nine-day period between when my financial advisor had purchased the shares and when I learned of the first trade and directed that it be rescinded. The only action this Court took between June 4, 2025 and June 13, 2025 was to endorse a letter to adjourn the sentencing hearing of Defendant Irina Polvanova at the request of the parties due to a scheduling conflict of the Government. [ECF No. 550].

As soon as I was made aware of the trade, I followed the sanctioned approach of promptly divesting myself of those shares.  *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 90 (S.D.N.Y. 2001) ("Likewise, if the conflict arises in the middle of the litigation, courts do not need to recuse themselves as long as they act promptly to rectify the situation."); *see also* 28 U.S.C. § 455(f) ("if any . . . judge . . . would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to [] her, that [] she individually . . . has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the . . . judge . . . divests . . . herself of the interest that provides the grounds for the disqualification.").

As this Court already stated in its prior judicial disclosure, the Court has never had any personal or financial interest in the subject matter in controversy or in any party in the proceeding. The Court is confident that there is absolutely no conflict here and that I can continue to preside over this matter impartially and fairly.  However, if Defendant Hernandez wishes to pursue his motion for recusal based on this corrected judicial disclosure, he should advise the Court **on or before August 5, 2025**.

**SO ORDERED.**

**Date:  July 29, 2025**
**       New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

3