USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JUAN HERNANDEZ,

Defendant.

1:23-cr-110 (MKV)

**OPINION AND ORDER
GRANTING MOTION
FOR RECUSAL**

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is a motion for recusal made by Defendant Hernandez in response to a judicial disclosure made by the Court. [ECF No. 522]. No other interested party has moved for recusal. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

This Court has been impartially presiding over this eleven-defendant criminal matter since its filing in March 2023. As of the date of this Order, all defendants have plead guilty and all but one defendant has been sentenced. During the sentencing phase of this action, Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Science Ireland UC, (collectively, "Gilead") appeared as an interested party and sought and was awarded restitution against certain defendants. [ECF Nos. 443, 444, 445, 446, 468]. Defendant Hernandez filed an appeal with respect to the final judgment and in particular challenging the restitution award in favor of Gilead. [ECF No. 470]. Shortly thereafter, on May 6, 2025, Defendant Hernandez obtained new counsel and filed a motion for reconsideration with respect to the Additional Order of Restitution. [ECF No. 489]. The Court, on May 16, 2025, denied the motion for reconsideration filed by Defendant Hernandez because of the pending appeal. [ECF No. 492]. On June 11, 2025, the Second Circuit issued a limited remand, pursuant to Federal Rule of Appellate Procedure 12.1, allowing this Court to consider the motion for reconsideration from Defendant Hernandez. [ECF No. 504].

1

On June 12, 2025, I received in the mail a written confirmation of a trade that had been made by my financial advisor on June 4, 2025 in a managed brokerage account, of which I had no advanced knowledge or personal control, for the purchase of 3.442 shares of Gilead Science [CUSIP: GILD]. Upon receipt of the trade confirmation, I immediately contacted my financial advisor and instructed him to void the trade. That same afternoon, I received verbal confirmation that the trade would be voided. Thereafter, on June 13, 2025, I received written confirmation of the cancellation of the trade for 3.442 shares and two additional trades for 0.507 and 5.287 shares of Gilead Science that apparently also had been made in my managed account by my financial advisor on June 11 and June 12 respectively. [ECF Nos. 517, 523]. Thus, by June 13, 2025, I received written confirmation that I was completely divested of any shares of Gilead Science. Thereafter, pursuant to the Second Circuit's limited remand order I issued a scheduling Order to allow Defendant Hernandez and the other parties to fully set forth their arguments for the contemplated motion to reconsider by Defendant Hernandez. [ECF No. 506].

In the interests of full transparency and in advance of the upcoming sentencing hearing for Defendant Irina Polvanova and any substantive decision on the motion for reconsideration, on July 22, 2025 the Court made a judicial disclosure with respect to the three cancelled trades of Gilead Science even though the trades had been voided. In that Disclosure Order, I directed any party who had questions or wished to file any motion with respect to this disclosure to do so on or before July 28, 2025. In response, on July 28, 2025, Defendant Hernandez, through counsel newly retained post-sentencing, filed a motion for recusal that stated I had owned 8,729.507 shares of GILD which were worth between $940,000 and $960,000. [ECF No. 522]. No other party filed a motion or otherwise had questions with respect to the judicial disclosure. Based upon the Hernandez motion, it became apparent that there were certain material typographical errors in the

Court's July 22 disclosure [ECF No. 517] and the Court promptly issued a subsequent Judicial Disclosure Order to correct those typographical errors and inaccuracies in the record. [ECF No. 523]. In particular, the Court clarified that the three trades made by my financial advisor in my managed brokerage account were for: 3.442 shares of GILD at $109.30 for a total settlement amount of $376.21; 0.507 shares of GILD at $110.8116 for a total settlement amount of $56.18; and 5.287 shares of GILD at $109.9816 for a total settlement amount of $581.47. [ECF No. 523]. In response, Defendant Hernandez filed a letter indicating that despite the corrected Judicial Disclosure Order, which shows that the amount and value of involved Gilead shares is dramatically lower than the initial inaccurate disclosure stated, "to avoid the appearance of impropriety, recusal is appropriate." [ECF No. 527]. As of the date of this Order, no other interested party has made a motion in response to the Court's judicial disclosures.

## LEGAL STANDARD

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). Separately, a judge is required to recuse herself from any proceeding where she "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

"[T]he decision whether to grant a recusal motion is left to the discretion of the judicial officer." *United States v. Buff*, No. 19-cv-5549, 2021 WL 5280246, at *2 (S.D.N.Y. Oct. 18, 2021) (citation omitted). There is a strong presumption of judicial impartiality and "the movant bears the substantial burden of overcoming that presumption." *Joachin v. Morningside Rehabilitation Nursing Home*, 23-cv-07652, 2024 WL 2924176, at *1 (S.D.N.Y. May 15, 2024) (internal

quotations and citations omitted). Moreover, recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding." *In re International Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980); *see United States v. Shulte*, No. 17-cr-548, 2023 WL 2614242, at *1 (S.D.N.Y. Mar. 23, 2023). A judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted).

## DISCUSSION

Defendant Hernandez argues that recusal is required here pursuant to both subsections (b)(4) and (a) of 28 United States Code Section 455.

### I. Recusal Pursuant to 455(b)(4)

Pursuant to Title 28 United States Code Section 455(b)(4), a Judge shall disqualify herself when she knows that she "individually . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). However, there is an exception to this mandatory disqualification under subsection (f) which states that "if any judge would be disqualified "after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to [] her, that [] she individually . . . has a financial interest in a party . . . disqualification is not required if the . . . judge . . . divests . . . herself of the interest that provides the grounds for the disqualification." 28 U.S.C. § 455(f).

I have been presiding over this case for over two years, have accepted pleas from all defendants, and sentenced all but one of those defendants. After substantial judicial time had already been devoted to the matter, I learned on June 12, 2025, when I was reviewing trade

confirmations made by my financial advisor in my managed brokerage account to fulfill my obligations under Section 455(c), *see* 28 U.S.C. § 455(c) ("A judge should inform [herself] about [her] personal and fiduciary financial interests . . . ."), that without my knowledge or authorization a trade was made by my financial advisor in a managed brokerage account on June 4, 2025 for Gilead Science. As Gilead Science is an interested party in this action and has sought and received restitution, I immediately contacted my financial advisor to void the trade. On June 13, 2025, which was within one day of learning of the trade, I received written confirmation that the trade made on June 4, 2025, and two other trades that unbeknownst to me at the time had been made on June 11, 2025 and June 12, 2025, were cancelled. Thus, it is exceptionally clear that I took the sanctioned course of action pursuant to Section 455(f) and within one day of learning of the disqualifying event divested myself of those shares. *See Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 225 (2d Cir. 2024) (explaining that recusal pursuant to § 455(b)(4) "is not always grounds for automatic disqualification, as a judge may avoid disqualification if [she] discloses and divests the financial interest.") (internal quotations omitted); *see also In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 90 (S.D.N.Y. 2001) ("Likewise, if the conflict arises in the middle of the litigation, courts do not need to recuse themselves as long as they act promptly to rectify the situation."). No substantive decisions were made during the nine-day period between when my financial advisor unbeknownst to me had initially purchased the shares and when they were voided. Furthermore, no substantive decisions were made during the one-day period I had actual knowledge of this trade and when it (and the two other unknown trades) were voided. The only action this Court took between June 4, 2025 and June 13, 2025 was to endorse a letter to adjourn the sentencing hearing of Defendant Irina Polvanova at the request of the parties due to a scheduling conflict of the Government. [ECF No. 500]. After I received written confirmation that

the shares had been voided and I was fully divested of any disqualifying interest, I issued a scheduling order with respect to the motion for reconsideration contemplated by Defendant Hernandez, [ECF No. 506], and thereafter, I issued my initial judicial disclosure. The Court's immediate divestiture and forthright disclosure eliminated the need for any disqualification under Sections 455(b)(4) and (f). *See Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 561 (2d Cir. 1991) ("We think that section 455(f) directly applies to this situation. Nearly three years of the litigants' time and resources and substantial judicial efforts have been devoted to the litigation. Judge Pollack's forthright divestiture of his stock eliminated the need for disqualification, since the requirements of section 455(f) were fulfilled."); *see also In re Certain Underwriter*, 294 F.3d 297, 305 (2d Cir. 2002) ("Therefore, because the district court 'devoted substantial judicial time' to the Securities Actions, the district judge properly divested her interests through sale and waiver and did not abuse her discretion in declining to recuse.").

Therefore, the Court is confident that recusal pursuant to Section 455(b)(4) is not warranted.

## II. Recusal Pursuant to 455(a)

Defendant Hernandez also argues that recusal is required pursuant to 28 United States Code Section 455(a). This section states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455(a) has been described as a 'catchall recusal provision,' that 'governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown.'" *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003) (internal citations omitted). "Unlike section 455(b), which enumerates specific circumstances constituting actual conflicts of interest, the purpose of section 455(a) is 'to

6

promote confidence in the judiciary by avoiding even the *appearance* of impropriety whenever possible.' " *Hardy v. United States*, 878 F.2d 94, 96 (2d Cir. 1989) (emphasis in original) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)); *Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[W]hat matters is not the reality of bias or prejudice but its appearance."). "Even where the facts do not suffice for recusal under § 455(b), however, those same facts may be examined as part of an inquiry into whether recusal is mandated under § 455(a)." *In re Certain Underwriter*, 294 F.3d at 306. Impartiality is measured on an objective basis. *See United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008). Recusal is only warranted if "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021).

After the Court issued the corrected Judicial Disclosure Order, Defendant Hernandez renewed his demand that I recuse myself and stated that he "maintains his concerns about the Court's decision making and belief that to avoid the appearance of impropriety, recusal is appropriate." [ECF No. 527]. Defendant Hernandez argues that recusal is appropriate here to avoid the appearance of impartiality. Defendant Hernandez focuses part of his argument on the delay between the discovery of the shares being purchased and the disclosure made by the Court. Hernandez points to this lag in time to argue that an objective reasonable person would find his concerns of impartiality reasonable. [ECF No. 527]. Briefly in response, there is no nefarious reason behind the Court's slight delay in issuing the Judicial Disclosure Order. In reality, the delay was simply because I waited a brief period after receiving confirmation from my financial advisor that the trades had been voided to confirm myself that they had in fact been voided. Thereafter, I consulted, reviewed, and confirmed my ongoing judicial and ethical obligations to ensure compliance. Additionally, I was originally attempting to find a time to have all the parties in for

7

a conference to make an oral disclosure, but between the normal press of business and managing the over 300 cases on my docket, I was unable to find an available time to schedule an in-person conference. As a result, I decided that it was prudent to issue a written disclosure prior to the upcoming sentencing hearing and in advance of any substantive decisions in this case.

The Court is firmly of the view that my impartiality cannot be questioned. Through a routine review of my personal financial interests in accordance with 28 U.S.C. § 455(c), I learned of the trades and immediately followed the sanctioned course of action, directing my financial advisor to void the trades, made no substantive decisions during that period, and promptly issued a fulsome judicial disclosure detailing exactly when and how I discovered this trade and my prompt and complete divestiture of the shares in question. The most compelling evidence that there is no appearance of partiality is the fact that no other party to this multi-defendant case—not the Government and no other defendant (including one awaiting sentencing)—has sought my disqualification.

Nonetheless, the Court is cognizant that Section 455(a) is not about the reality, but any possible appearance of impartiality and is mindful that, in other circumstances, the Second Circuit has concluded that recusal under Section 455(a) is appropriate even when an interest is divested prior to a judge issuing any substantive decision. *See, e.g., Litovich*, 106 F.4th at 226 (finding that the district court judge should have recused pursuant to Section 455(a) because an objective disinterested person could question the partiality of a judge who continued to preside over a matter while that judge's spouse owned an interest in one party even when the judge's spouse divested of

the stock before the judge issued any substantive decision); *cf. Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-4814, 2024 WL 5088077, at *4 (S.D.N.Y. Dec. 12, 2024).

This case is distinguishable from *Litovich* in that, here, I undertook a proactive review of my personal financial interests pursuant to Section 455(c), promptly divested of the shares pursuant to the protocol laid out in Section 455(f), and issued a fulsome disclosure, whereas in *Litovich* the Court notified the parties of the conflicting stock ownership four months after the Complaint was dismissed after an inquiry from The Wall Street Journal.  *See Litovich*, 106 F.4th at 223–24.  However, I am concerned that the confidence in the fair administration of justice not be undermined.  Therefore, even though I have followed the sanctioned protocol outlined in Section 455(f) and I have been presiding over this matter impartiality and believe I can continue to do so, given the fact that this is a criminal matter, Defendant Hernandez has sought recusal based on Section 455(a), his motion for reconsideration involving restitution previously awarded to Gilead, is currently pending before the Court and was being briefed by the parties during the course of these judicial disclosures being issued, and the overall purpose of Section 455(a) is "to promote confidence in the judiciary by avoiding even the *appearance* of impropriety whenever possible," *Liljeberg*, 486 U.S. at 865, I will, notwithstanding my above thoughts, recuse myself from this matter moving forward.

## CONCLUSION

Accordingly, the motion for recusal is GRANTED.  The Clerk of Court is respectfully requested to terminate docket entry 522 and to reassign this case for further proceedings.

**SO ORDERED.**

Date:  August 26, 2025
      New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

9