# Steve Zissou & Associates

42-40 Bell Boulevard | Suite 302 | Bayside | New York | 11361 | 718.279.4500 | stevezissou@stevezissouesq.com

September 8, 2025

**BY ECF**

The Honorable Jesse M. Furman
United States District Court
500 Pearl Street
New York, NY 10007

  Re: *United States v. Juan Hernandez*, Case No. 23 Cr. 110 (JMF)

Your Honor,

  I write respectfully to object to this Court's Order of September 5, 2025, directing that Mr. Hernandez's plea agreement be filed on the public docket unless filed under seal. This directive, while undoubtedly well-intentioned, raises significant concerns about the confidentiality of plea agreements and the appropriate boundaries of participation by entities that have filed notices of appearance as "interested parties" rather than as full parties to criminal proceedings.

## The Confidential Nature of Plea Agreements

  Plea agreements in federal criminal cases traditionally remain confidential documents shared between the Government and the defendant, absent specific circumstances that warrant broader disclosure. This practice reflects both the sensitive nature of the negotiations that produce such agreements and the recognition that plea discussions often involve strategic considerations, sentencing recommendations, and cooperation arrangements that extend beyond the immediate case. The confidentiality of plea agreements serves important interests in encouraging candid discussions between prosecutors and defendants while protecting information that may be irrelevant to third parties but sensitive to the individuals involved.

  Mr. Hernandez's plea agreement contains no provisions that bear upon Gilead's restitution claims, nor does it address any issues relevant to the pending motion for reconsideration. The agreement, like most plea agreements, addresses the specific charges against Mr. Hernandez, his acceptance of responsibility, and the standard restitution provision that was included in his plea colloquy—the $16,000 amount that he paid prior to sentencing. The agreement contains no mention of Gilead, no discussion of the types of restitution claims that Gilead later pursued, and no provisions that would inform the Court's analysis of the constitutional and procedural violations raised in the motion for reconsideration.

*United States v. Juan Hernandez*, Case No. Case. No. 23 CR. 110 (JMF)
September 8, 2025

### Gilead's Limited Standing as an "Interested Party"

Gilead's demand for access to Mr. Hernandez's plea agreement reflects a fundamental misunderstanding of its role in these proceedings and the scope of rights that flow from filing a notice of appearance as an "interested party." While Gilead correctly notes that it has docketed status as an interested party, this designation does not confer upon it the full panoply of rights traditionally enjoyed by actual parties to criminal proceedings. The distinction between interested parties and full parties is neither semantic nor inconsequential—it reflects careful statutory and procedural limitations designed to prevent private entities from assuming roles that Congress has specifically assigned to the Department of Justice.

The Government's own conduct in the initial stages of the joint status letter process illuminates the appropriate boundaries of Gilead's participation. When the Government prepared its initial draft of the status letter, it neither copied Gilead nor mentioned the company as a participant in the process. The Government did not object when defense counsel explained that Gilead was not considered a party and that nothing more was required from entities with Gilead's limited status. This prosecutorial recognition of Gilead's constrained role reflects the Government's understanding that interested party status carries with it certain limitations that distinguish such entities from full parties entitled to broad discovery and access rights.

### The Expansion of Corporate "Victim" Rights

Gilead's insistence on access to documents beyond those necessary for its limited restitution claims represents precisely the type of mission creep that Congress sought to prevent when it structured the MVRA to operate through prosecutorial rather than private enforcement. The statute's framework reflects a deliberate judgment that restitution claims in criminal cases should be advanced by the Department of Justice, which serves as a constitutional gatekeeper ensuring that such claims meet appropriate standards of evidence, causation, and proportionality.

Allowing multinational corporations with hundred-billion-dollar market capitalizations to assume the discovery and access rights of full parties would fundamentally alter the balance that Congress struck in criminal proceedings. Such entities possess virtually unlimited resources to pursue litigation strategies that individual defendants cannot match, creating the very kind of resource disparity that prosecutorial gatekeeping is designed to prevent. When the Government chooses not to advance particular restitution theories or seeks particular discovery, that decision reflects prosecutorial judgment that private parties should not be permitted to circumvent through independent litigation efforts.

The danger of this expansion becomes particularly apparent in cases like this one, where the Government has consistently declined to endorse Gilead's restitution theories despite multiple opportunities to do so. Allowing Gilead to pursue discovery and access rights that the Government itself has not sought would effectively permit private parties to assume

Case 1:23-cr-00110-JMF     Document 547     Filed 09/09/25     Page 3 of 4

Page **3** of **4**
*United States v. Juan Hernandez*, Case No. Case. No. 23 CR. 110 (JMF)
September 8, 2025

prosecutorial functions that the constitutional structure of criminal proceedings assigns exclusively to the executive branch.

### The Government's Position Confirms Gilead's Limited Role

The procedural history surrounding the joint status letter provides instructive guidance about the appropriate scope of Gilead's participation in these proceedings. The Government initiated contact with defense counsel about the joint status letter, prepared an initial draft that made no mention of Gilead, and raised no objection when defense counsel explained that additional parties need not be consulted because the matter should remain *sub judice* pending resolution of the motion for reconsideration.

This prosecutorial approach reflects an understanding that Gilead's role in these proceedings is limited to its specific restitution claims rather than extending to general party status with broad access and participation rights. The Government's consistent refusal to endorse Gilead's legal theories, combined with its recognition that Gilead need not be consulted about case management issues, confirms that even the prosecuting authority recognizes appropriate boundaries for corporate victim participation.

### The Irrelevance of the Plea Agreement to Pending Issues

Perhaps most importantly, Gilead has identified no legitimate reason why access to Mr. Hernandez's plea agreement would serve any purpose relevant to the issues currently before this Court. The motion for reconsideration raises constitutional and procedural challenges to the restitution award based on fundamental breakdowns in the adversarial process, denial of due process rights, and the attorney's complete failure to inform Mr. Hernandez about Gilead's claims. These issues turn on what occurred during the restitution proceedings, not on the content of plea negotiations that preceded those proceedings by months.

The plea agreement contains no provisions addressing Gilead's standing, no discussion of the theories of damages underlying its restitution claims, and no language that bears upon the procedural violations that form the basis of the motion for reconsideration. Gilead's desire to examine this document appears to reflect nothing more than a fishing expedition designed to uncover information that might somehow be used to oppose relief, rather than any legitimate need for documents relevant to the issues before the Court.

### The Appropriate Remedy

Rather than requiring public filing of a document that bears no relevance to the pending motion while potentially compromising the traditional confidentiality of plea agreements, this Court should clarify the appropriate boundaries of Gilead's participation in these proceedings. Gilead's status as an interested party entitles it to notice of proceedings that affect its restitution award and the opportunity to address issues directly relevant to that award.

Case 1:23-cr-00110-JMF    Document 547    Filed 09/09/25    Page 4 of 4

Page **4** of **4**
*United States v. Juan Hernandez*, Case No. Case. No. 23 CR. 110 (JMF)
September 8, 2025

It does not, however, confer general discovery rights or access to documents that bear no relationship to the specific issues on which Gilead's participation is based.

The motion for reconsideration presents constitutional and procedural challenges that can be resolved based on the existing record, the parties' briefing, and any oral argument this Court deems appropriate. No additional discovery is necessary, and no documents beyond those already filed or specifically referenced in the motion bear upon the issues before the Court. Allowing the motion to proceed to resolution based on the existing record would serve the interests of justice while maintaining appropriate boundaries for corporate victim participation in criminal proceedings.

## Conclusion

The confidentiality of plea agreements serves important institutional interests that should not be compromised absent compelling reasons directly related to pending issues before the Court. Gilead has identified no such reasons, and its demand for access appears to reflect an effort to expand its role in these proceedings beyond the boundaries that both statute and prudent case management establish for interested party participation.

For the reasons set forth in the original motion and above, this Court should, (1) reconsider its order requiring public filing of Mr. Hernandez's plea agreement, (2) vacate the prior Court's earlier decision to order additional restitution; (3) find that the Government waived any right to support additional restitution; and (4) disregard Gilead's reply, as there is no basis for Gilead, as a claimed victim, to make legal arguments to the Court.

Respectfully submitted,

Steve Zissou, Esq.

SZ/jc

To the extent that Defendant seeks reconsideration of the Court's Order requiring him to file the plea agreement, the motion is DENIED. Defendant is flat wrong in asserting that plea agreements "traditionally remain confidential documents." Although such documents are, in the normal course, maintained by the parties in this District rather than docketed, they are indisputably judicial documents subject to the presumption in favor of public access. See, e.g., United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988). All the more so here insofar as Defendant's arguments with respect to the restitution order rely, in part, on the contents of his plea agreement. As Defendant makes no case for why the presumption in favor of public access is overcome here, the motion for reconsideration of the Court's Order of September 5, 2025, is denied, and Defendant shall file the plea agreement on the docket no later than September 10, 2025. To the extent that Defendant's letter goes beyond seeking reconsideration of the Court's Order of September 5, 2025, it constitutes an improper sur-reply in connection with his motion for reconsideration of the restitution order and will be disregarded. The Clerk of Court is directed to terminate ECF No. 546. SO ORDERED.

September 9, 2025