

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 2, 2024

**BY EMAIL**
Michael Kushner, Esq.
81 Main Street, Suite 307
White Plains, New York 10601
mk@kushlawgroup.com

    Re:    *United States v. Juan Hernandez*, S1 23 Cr. 110 (MKV)

Dear Mr. Kushner:

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Juan Hernandez ("the defendant") to Count Two of the above-referenced Superseding Indictment. Count Two charges the defendant with conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371 and Title 41, United States Code, Section 1320a-7b(b)(2)(B), which carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

    In connection with his guilty plea, the defendant stipulates that, in the course of his delivery of medications from GalaxyRX and FamilyRX pharmacies, he bought back from patients HIV medication that had otherwise been prescribed to them by their doctors. The parties agree that, pursuant to U.S.S.G. § 1B1.3, the Court may consider this conduct as relevant conduct in imposing a sentence.

    In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for conspiring to violate the Anti-Kickback Statute from at least in or about 2020 through at least in or about 2023, as charged in Count Two of the Superseding Indictment, or buying back HIV medication from patients of GalaxyRX and FamilyRX from at least in or about 2020 through at least in or about 2023, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited

to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegations with respect to Count Two of the Superseding Indictment and agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), a sum of money equal to $16,000 in United States currency, representing proceeds traceable to the commission of said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in the amount of $16,000 in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments made prior to sentencing, as verified by the Office. The defendant further consents to the entry of the Consent Order of Restitution annexed hereto as Exhibit B.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The November 1, 2023 edition of the Guidelines manual applies in this case.

2. U.S.S.G. § 2B4.1 applies to the offense charged in Count Two.

3. Pursuant to U.S.S.G. § 2B4.1(a), the base offense level is 8.

4. Because the total loss amount of $528,798.58 exceeded $250,000 but did not exceed $550,000, the offense level is increased by 12, pursuant to U.S.S.G. §§ 2B4.1(b)(1)(B) and § 2B1.1(b)(1)(G).

5. Pursuant to U.S.S.G. § 3B1.2(b), because the defendant was a minor participant in the scheme, the offense level is decreased by 2.

6. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and

permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 15.

B. Criminal History Category

Based upon this Office's current understanding (including from representations by the defense), the defendant has five criminal history points, as specified below.

1. On July 14, 2015, the defendant was convicted upon a plea of guilty in Queens County Criminal Court to attempted unlawful imprisonment in the second degree, in violation of New York Penal Law § 135.05, and was sentenced on the same day to 60 days' imprisonment and an order of protection. Pursuant to U.S.S.G. § 4A1.1(b), this conviction results in two criminal history points.

2. On July 19, 1994, the defendant was convicted in New York County Criminal Court of attempted murder in the second degree, in violation of New York Penal Law § 125.25, and was sentenced on the same day to a term of 20 to 40 years' imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points.

3. From August 11, 2015 through June 2, 2016, the defendant served an additional term of imprisonment after having violated the terms of the parole imposed pursuant to the sentence described in subparagraph 2. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(k), this sentence results in zero additional criminal history points.

4. On March 3, 1988, the defendant was convicted following a jury trial in Bronx County Supreme Court of criminally negligent homicide in violation of New York Penal Law § 125.10, and was sentenced to a 16-month to 4-year term of imprisonment. Pursuant to U.S.S.G. § 4A1.2(e)(1), this sentence results in zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is III.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's Guidelines range is 24 to 30 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 15, the applicable fine range is $7,500 to 75,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

2024.07.11

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within such other range as the Court may determine the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is

2024.07.11

unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Range of 24 to 30 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum or any condition of supervised release imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount or restitution amount that is less than or equal to $16,000, and the Government agrees not to appeal any forfeiture amount or restitution amount that is greater than or equal to $16,000. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $75,000, and the Government agrees not to appeal any fine that is greater than or equal to $7,500. The defendant also agrees not to appeal or bring a collateral challenge of any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally

2024.07.11

procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

[Remainder Intentionally Left Blank]

2024.07.11

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jackie Delligatti / Jeffrey W. Coyle
Assistant United States Attorneys
(212) 637-2559 / 2437

APPROVED:

_____/s/_____
Elinor L. Tarlow
Co-Chief, General Crimes Unit

AGREED AND CONSENTED TO:

_____        8-6-24
Juan Hernandez                          DATE

APPROVED:

_____        8-5-2024
Michael Kushner, Esq.                   DATE
Attorney for Juan Hernandez

2024.07.11