UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

UNITED STATES OF AMERICA,           :

                  :

           -v-                        :                         23-CR-110 (JMF)

                  :

JUAN HERNANDEZ,                 :               MEMORANDUM OPINION
                                           :                     AND ORDER
                Defendant.               :

                                           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On April 7, 2025, the District Judge to whom this case was previously assigned sentenced

Defendant Juan Hernandez.  *See* ECF No. 474 ("Sent. Tr."); *see also* ECF No. 469.  As part of the

sentence, the Judge ordered Hernandez to pay a total of $2,404,872.78 in restitution — $16,000 in

restitution to which he had agreed in a plea agreement with the Government and $2,388,872.78 in

restitution to Gilead Sciences LLC ("Gilead") pursuant to a motion that Gilead had filed.  *See* Sent.

Tr. 12-14; *see also* ECF Nos. 467-68.  On April 15, 2025, Hernandez filed a notice of appeal.  *See*

ECF No. 473.  A few weeks later, represented by new counsel, Hernandez filed a motion for

reconsideration of the Order requiring restitution to Gilead.  *See* ECF No. 489.  By Order dated May

16, 2025, the Judge who had sentenced Hernandez denied the motion on the ground that the

pending appeal divested this Court of jurisdiction.  *See* ECF No. 492.  Thereafter, the Second

Circuit granted Hernandez's motion for a limited remand "to allow the district court to rule on his

motion for reconsideration."  ECF No. 504.  Hernandez then filed a new motion for reconsideration,

*see* ECF No. 514, which is opposed by the Government, *see* ECF No. 532, and Gilead, *see* ECF No.

531.  The case was then reassigned to the undersigned.  *See* ECF No. 534.

       Hernandez's motion must be and is denied.  First, to the extent that Hernandez seeks

"reconsideration," ECF No. 514, at 1, the Court lacks authority to consider the motion.  As the

Second Circuit has held, "[i]t is well-established that a district court may not alter an imposed

sentence" (except in narrow circumstances not present here).  *United States v. Kyles*, 601 F.3d 78,

83 (2d Cir. 2010); *see, e.g.*, Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may

correct a sentence that resulted from arithmetical, technical, or other clear error."); Fed. R. Crim. P.

36 (providing that a court "may at any time correct a clerical error in a judgment, order, or other

part of the record, or correct an error in the record arising from oversight or omission").  True, a

district court has authority to modify a prior order — but only if the order is interlocutory.  *See, e.g.*,

*United States v. Yalincak*, 853 F.3d 629, 635-36 (2d Cir. 2017) (citing *United States v. LoRusso*,

695 F.2d 45, 53 (2d Cir. 1982)).  Generally, if an order is final, "the only recourse available for

correcting the district court's errors" is "for the . . . aggrieved party to appeal the order."  *Id.* at 636.

Here, there is no doubt that the restitution order specifically, and Hernandez's sentence generally,

were final and appealable — Hernandez has, in fact, already appealed.  *See* ECF No. 473.  It

follows that the Court lacks authority to reconsider, modify, or vacate the restitution order as

Hernandez requests.  *See, e.g.*, *United States v. Tagliaferro*, No. 19-CR-472 (LAP), 2025 WL

2065193, at *2-5 (S.D.N.Y. July 23, 2025).

   The Second Circuit's limited remand does not alter the Court's analysis or conclusion.

Granted, the limited remand lifted the jurisdictional barrier that had prevented the Court from even

considering Hernandez's first motion for reconsideration.  *See* ECF No. 492, at 1 (citing *United*

*States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021)).  But the lifting of that barrier does not mean that

it is procedurally proper for Hernandez to seek, let alone for this Court to grant, reconsideration of a

portion of his sentence.  *See, e.g.*, *United States v. Capozzi*, No. 09-CR-49 (KMW), 2013 WL

1149939, at *2 n.1 (S.D.N.Y. Mar. 18, 2013) ("The Court notes that it does not have the power to

change the amount of restitution previously ordered.").

   Perhaps recognizing this problem, Hernandez suggests in his reply that the Court should

construe his motion to be seeking "the ancient writ of coram nobis."  ECF No. 533 ("Def.'s

Reply"), at 1; *see id.* at 4.  *Coram nobis* may well be "an appropriate vehicle" for post-sentencing

challenges to orders of restitution (as such challenges are not cognizable under 28 U.S.C. § 2255).

Def.'s Reply 4 (capitalization altered) (citing *Kaminski v. United States*, 339 F.3d 84, 91 (2d Cir.

2003)).  *But see United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (declining to decide

"if, or when, *coram nobis* might be invoked collaterally to challenge the restitution component of a

criminal sentence").  But the Second Circuit has emphasized that *coram nobis* is "essentially a

remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction

*and therefore cannot pursue direct review* or collateral relief by means of a writ of habeas corpus."

*Fleming v. United States,* 146 F.3d 88, 89-90 (2d Cir. 1998) (emphasis added).  Put differently,

*coram nobis* "may not be used as a substitute for appeal."  *Tagliaferro*, 2025 WL 2065193, at *4.

Yet that is precisely what Hernandez seeks to use it for here, as he is in the process of appealing

from his sentence.[1]

In short, to the extent that Hernandez argues that the District Judge who sentenced him

committed error in imposing restitution, he must make his arguments in the first instance to the

Court of Appeals.  Accordingly, Hernandez's motion for reconsideration must be and is DENIED.

In light of that, Hernandez's motion to further extend his surrender date pending a decision on his

motion for reconsideration, *see* ECF Nos. 537-38, 544, is denied as moot.  Hernandez shall

promptly advise the Second Circuit of this Court's ruling.

The Clerk of Court is directed to terminate ECF No. 514.

SO ORDERED.

Dated: September 11, 2025
     New York, New York

                             JESSE M. FURMAN
                             United States District Judge

---

[1]    In arguing that *coram nobis* is an appropriate vehicle here, Hernandez asserts that he "cannot seek relief" through other means, including appeal, because "the time" to appeal has "expired." Def.'s Reply 2.  That assertion is puzzling given that Hernandez's appeal is pending.

3